**UNITED STATES of America, Plaintiff,**

v.

**PROCTER & GAMBLE COMPANY, et al., Defendants.**

**Civ. A. No. 1196-52.**

United States District Court
D. New Jersey.

Aug. 14, 1959.

See also, D.C., 170 F.Supp. 689.

Chester A. Weidenburner, U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., Margaret Brass, Antitrust Division, Dept. of Justice, Washington, D. C., for plaintiff.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., Cahill, Gordon, Reindel & Ohl, Mathias Correa, New York City, for Colgate-Palmolive Co.

Bailey & Schenck, Newark, N. J., Arnold, Fortas & Porter, Abe Fortas, Washington, D. C., for Lever Brothers Co.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., Royall, Koegel, Harris & Caskey, Kenneth C. Royall, New York City, Dinsmore, Shohl, Dinsmore & Todd, Joseph Dinsmore, Taft, Stettinius & Hollister, Charles Sawyer, Cincinnati, Ohio, for Procter & Gamble Co.

Davies, Richberg, Tydings, Landa & Duff, Shelby Fitze, Washington, D. C., McCarter, English & Studer, Newark, N. J., for Association of American Soap & Glycerine Producers, Inc.

HARTSHORNE, District Judge.

In accordance with the opinion of this Court, filed June 9, 1959, 174 F.Supp. 233, directing the Department of Justice to answer the Special Interrogatories filed

by defendants herein concerning the Grand Jury investigation which preceded the institution of this civil case, plaintiff, over objection, filed answers thereto, indicating in substance that on November 14, 1952, the then Attorney General decided not to ask for the return of an indictment by the Grand Jury, upon the basis of the evidence previously taken before that body. Defendants accordingly asked this Court to find that there had been an abuse of the Grand Jury process, within the meaning of the opinion of the United States Supreme Court filed in this cause June 2, 1958 (356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077), by the Government's production of certain witnesses before the Grand Jury on and after November 14, 1952.

Plaintiff still claims that, despite the above facts, this Court should not find that there has been any such abuse of process, because the Department of Justice did not knowingly intend to violate the law, and because the mere decision by the Attorney General of the United States not to use the Grand Jury proceedings for criminal purposes did not itself bring such proceedings to a halt, and the testimony thereafter taken by the Government before the Grand Jury was under subpoenas issued some time previously.

■ The above contentions by plaintiff Government seem based upon a misunderstanding of the United States Supreme Court's above opinion, in alluding to the prosecution's "flouting the policy of the law", 356 U.S. at page 683, 78 S. Ct. at page 987 "when the criminal procedure is subverted", 356 U.S. at page 684, 78 S.Ct. 987, by the Government's "using criminal procedures to elicit evidence in a civil case", 356 U.S. at page 683, 78 S.Ct. at page 987, in taking evidence before a Grand Jury—a purely *criminal* procedure—when it had no intention of using such evidence in other than a purely *civil* case. Obviously what the Supreme Court had in mind in alluding to this flouting of the law and subversion of the criminal procedure was the misuse of a purely criminal instru-

mentality, the Grand Jury, in bringing a purely civil proceeding. This misuse or abuse therefore occurred whether the action of the Government official in charge of same was knowingly unlawful, or, on the contrary, was based in fact upon his belief that in so doing he was acting according to law. In fact, as this Court's earlier opinion shows, it had doubtless been the long continued practice and belief of the United States Department of Justice, before the filing of the above opinion of the United States Supreme Court in this case, that it had the legal right to use the Grand Jury for civil purposes, at least if at the start it had a possible criminal purpose in mind. On the other hand, this belief of this official in nowise derogates from the fact that this use by the Government of the Grand Jury, a solely criminal instrumentality, for a purpose which had been decided to be of a purely civil character, was clearly a misuse, and thus an abuse, of the law.

■ We turn to the second contention of the Department of Justice, that its decision on November 14, 1952 not to proceed criminally, upon the basis of the testimony previously taken before the Grand Jury, did not suffice to terminate the use of the Grand Jury as a criminal procedure, and that therefore the testimony taken thereafter was properly taken as the continued use of criminal procedure. It is, of course, possible for such a situation to occur, as by a "runaway" Grand Jury, a situation to which this Court also alluded in its previous opinion in this regard. Here, however, the Government does not so much as intimate that any such situation existed, and, of course, must admit that, as the former opinion says, in an antitrust case its complexity "virtually requires the careful, long continued control of the Grand Jury proceedings by the Government itself." Thus a determination by the Attorney General of the United States, which, of course, controls his subordinates, in turn practically controls the Grand Jury. Hence any further procedure by the subordinates with the

·Grand Jury is therefore either insubordinate, of which there is no claim, or illegal, in the light of the above opinion of the United States Supreme Court. Nor is it material that the subpoenas for the witnesses, called after November 14, 1952, had been issued previously thereto. The right of the Department of Justice to proceed under these subpoenas to take further testimony had been terminated by the action of the Attorney General.

Plaintiff's objection to the finding of this Court that in this cause there had been a flouting of the policy of the law and a subversion or abuse of the Grand Jury process is overruled, and an order may be entered accordingly.